**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1800**

In re:  DEBORAH FAYE PARKER,

Debtor.

------------------------------

JANET M. MEIBURGER, Trustee,

Plaintiff - Appellee,

v.

DGP HOLDINGS, LLC; GREGORY P. PARKER,

Defendants - Appellants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:24-cv-00190-LMB-WBP)

Submitted:  January 23, 2025                              Decided:  January 27, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Robert S. Brandt, THE LAW OFFICE OF ROBERT S. BRANDT, Alexandria, Virginia, for Appellants.  Janet M. Meiburger, THE MEIBURGER LAW

FIRM, P.C., McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DGP Holdings, LLC and Gregory P. Parker appeal the district court's order affirming the bankruptcy court's order dissolving DGP Holdings, which owns a rental property and collects rent. Prior to the bankruptcy petition, Parker and his wife Deborah Parker, the debtor, held equal shares in DGP Holdings. Upon Deborah Parker's filing of the bankruptcy petition, the trustee, Janet M. Meiburger, took over Deborah's interest in DGP Holdings. Meiburger and Parker disagree on whether DGP Holdings should sell the rental property, but, as each party owns a 50% interest in the company, neither may take any action without the other's consent. Following a hearing in an adversary proceeding initiated by Meiburger seeking dissolution of DGP Holdings, the bankruptcy court granted Meiburger's requested relief.

Where a district court acts as a bankruptcy appellate court, this court reviews the bankruptcy court's decisions independently, reviewing the factual findings for clear error and legal conclusions de novo. *SG Homes Assocs., LP v. Marinucci*, 718 F.3d 327, 334 (4th Cir. 2013). We have reviewed the record and find the bankruptcy court did not commit clear error in its factual determinations where it conducted an evidentiary hearing and determined that the parties were deadlocked rendering it not reasonably practical to carry out the business of DGP Holdings. Furthermore, we find the bankruptcy court applied the correct legal standard in determining that dissolution of DGP Holdings was warranted. Accordingly, we affirm the district court's order. *Meiburger v. DGP Holdings, LLC*, No. 1:24-cv-00190-LMB-WBP (E.D. Va., July 19, 2024). We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*